## No. 10,591.

### CLAY, ET AL. v. ALLEN, ET AL.

Decided March 3, 1924.

Action to set aside alleged fraudulent transfers of property. Judgment for defendants.

*Reversed.*

1. DEBTOR AND CREDITOR—*Preference of Wife as Creditor.* A husband may prefer his wife as a creditor.

2. FRAUDULENT CONVEYANCES—*Conveyance to Wife.* Transfers of property by a husband to his wife which are calculated and intended to hinder and delay his creditors in the collection of their debts, are fraudulent and void.

*Error to the District Court of Alamosa County, Hon. Jesse C. Wiley, Judge.*

Mr. P. A. WELLS, Mr. RALPH L. CARR, for plaintiffs in error.

Mr. JESSE STEPHENSON, for defendants in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here as in the trial court. Defendant George L. Allen was bankrupt. He assigned certain property to defendant Frances A. Allen, his wife, to secure an alleged indebtedness to her. Plaintiffs, his judgment creditors, brought this action to set aside said transfers as having been made to hinder, delay and defraud them. Judgment was for defendants and plaintiffs bring error.

The alleged indebtedness which furnished the consideration for the transfers consisted of three loans, made between 1899 and 1909, and accumulated interest thereon, totaling between fifteen and sixteen thousand dollars. All evidence of this indebtedness was parol. Throughout the following years Mrs. Allen permitted her husband to use this money in his business and make representations as to his finances based on the assumption that it was a part of his assets. On such representations plaintiffs extended him credit. It is undisputed that Allen's plan was to continue to deal with this property as his own and devote the income therefrom to the payment of his own debts. Mrs. Allen knew of her husband's indebtedness, including that due plaintiffs, and his methods of doing business. To procure from plaintiffs the loan upon which their judgment is based Allen made a property statement, "as being a fair and accurate statement of my financial condition", which included no mention of any indebtedness to his wife.

Defendants' position is that the transfers in question constituted a mere preference of the wife as a creditor. That a husband may prefer his wife as a creditor is too well settled to require discussion, but that these transfers were calculated and intended to hinder and delay plaintiffs in the collection of their debt is beyond question, and this

court has disposed once and for all of such subterfuges. "The evidence clearly establishes that this is another instance of an insolvent debtor deluding himself with the idea that if he could secure more time, he would be able to pay his debts, and, possibly, save a surplus for himself; and, to obtain time, has resorted to the often-tried experiment of conveying his property to his wife, hoping thereby to still retain control thereof, and thus hinder and delay his creditors in the enforcement of their claims, or defeat them in the end." *Helm v. Brewster,* 42 Colo. 25, 93 Pac. 1104.

The judgment is reversed and the cause remanded with directions to enter judgment for plaintiffs.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN concur.